UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80058-CR-HURLEY

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**RUSSELL B. WADDELL**,

    Defendant

_____/

**DEFENDANT'S FACTUAL OBJECTIONS TO PSR
AND MEMORANDUM IN SUPPORT
OF SENTENCING VARIANCE**

Defendant, **Russell B. Waddell,** through counsel, hereby files this his Factual Objections to the PSR, and Memorandum in Support of Sentencing Variance, as follows:

**PART A: THE OFFENSE**

¶ 24:    The following should be added or clarified: When defendant was confronted, he contemplated using his firearm, but not specifically firing at police officers. At the time, he was using marijuana.

**PART B:    DEFENDANT'S CRIMINAL HISTORY**

No objections.

**PART C:    OFFENDER CHARACTERISTICS**

¶ 81:    This paragraph should be amended to include the fact that at the time of Defendant's arrest, he was using marijuana. It was his 21st birthday. Defendant also experimented with other drugs.

**PART D:     SENTENCING OPTIONS**

No objections.

**PART E:     FACTORS THAT MAY WARRANT A DEPARTURE**

This Court can determine that there are factors under 18 USC §3553 that would justify a reasonable sentence that falls below the advisory guideline range. For example, under 18 USC § 3553(a)(1), this Court may consider the following:

1. Defendant's immediate statements to law enforcement and immediate attempts at cooperation, which will be more fully explained at the sentencing hearing; and

2. Defendant's heavy addiction to oxycodone and marijuana, the fact that such narcotics are quite addictive, the fact that Defendant started marijuana usage at 15 years old (and is now 21 years old), and the fact that Defendant often sold and possessed drugs to support his addiction, and was using them regularly during the times of the conspiracy; and

3. The fact that Defendant committed the crimes that compose his criminal history at age 16 to 18 (see paragraphs 62 to 63), and has never been really sentenced to a term of jail of more than 6 months for all of his criminal history; and

4. Defendant's lack of appropriate parental supervision at an early age – Defendant graduated high school at the age of 14 and essentially was left to fend for himself, having no contact with his father .

**WHEREFORE**, Defendant Waddell respectfully requests that this Court take judicial notice of the aforementioned factual and legal objections, and impose a reasonable sentence that reflects all of the factors mentioned herein.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished to: Nancy V. Quinlan, Esq., Assistant United States Attorney, 500 Australian Avenue South, Suite 400, West Palm Beach, FL 33401, by email, on this 2nd day of March, 2009.

    Respectfully submitted,

    /s/ *Valentin Rodriguez*
    _____
    VALENTIN RODRIGUEZ, ESQ.
    Valentin Rodriguez, P.A.
    11380 Prosperity Farms Road, Suite 204
    Palm Beach Gardens, FL 33410
    (561) 832-7510
    (561) 514-0610 (facsimile)
    Fla Bar No. 047661

    Counsel for Defendant Waddell (CJA)