UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80058-CR-ROSENBERG

UNITED STATES OF AMERICA    :
                            :
                            :
            v.              :
                            :
RUSSELL WADDELL,            :
            Defendant.      :
_____/

**GOVERNMENT'S RESPONSE TO MOTION TO**
**TERMINATE SUPERVISED RELEASE**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response to defendant's motion to terminate his supervised release. It is the Government's position that early termination of the defendant's supervised release is warranted.

**The Procedural history.**

On December 3, 2008, the defendant pled guilty to counts one and two of the 2-count superseding indictment. Count one charged conspiracy to distribute oxycodone, in violation of Title 21, United States Code Section 846. Count two charged possession of one or more firearms and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The PSR recommended that Waddell be held accountable for more than 30,000 pills of oxycodone, which corresponded to an offense level 34 pursuant to Section 2D1.1 of the Guidelines (PSR ¶ 39). The combined adjusted offense level, which included the felon in possession count, remained at 34 (PSR ¶ 56). Waddell then received a three-level reduction

1

for acceptance of responsibility (PSR ¶¶ 58, 59). Waddell had a criminal history category of III, which resulted in a recommended Guideline range of 135 to 168 (PSR ¶ 94). On March 13, 2009, Waddell was sentenced to a 144-month term of imprisonment, followed by 3 years supervised release as to each of counts one and two.

On November 01, 2015, the Court granted the defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced the defendant's sentence from 144 months to 116 months of imprisonment.

On November 10. 2016, the defendant began his period of supervised release. His term of supervision is set to expire on November 9, 1019.

**The defendant's conduct while on supervised release.**

Pursuant to 18 U.S.C. § 3583 (e)(1), the court may, after considering the § 3553 factors, terminate the defendant's term of supervised release and discharge the defendant if the Court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The Probation Department reports that the defendant has made progressive strides while on supervised release, has very good employment and maintains a stable residence.

**The Government's recommendation.**

The undersigned has contacted the defendant's supervisory U.S. Probation Officer, Danielle Caron, concerning the defendant's request, and she does not oppose early termination.

The government concurs with the Probation Department's recommendation. The defendant has adjusted well while on supervised release. It appears that supervision is no longer needed.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:  /s/ Rolando Garcia_____
       ROLANDO GARCIA
       Assistant U.S. Attorney
       Florida Bar No. 763012
       500 S. Australian Ave., Suite 400
       West Palm Beach, Florida 33141
       Tel: (561) 820-8711
       Fax: (561) 820-8777
       Rolando.Garcia@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 10, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

By:  /s/Rolando Garcia_____
       Rolando Garcia
       Assistant United States Attorney